# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAUNTE NICHOLS, <br><br> Defendant. | Case No. 14-CR-177-JPS <br><br><br> **ORDER** |

On July 11, 2022, Defendant filed a single-page, second motion for compassionate release. ECF No. 50. Therein, Defendant provides two reasons why he should be released early from custody: (1) the COVID-19 pandemic has caused his institution to limit all prison programming, which has made Defendant's sentence "far harsher than anticipated;" and (2) the Bureau of Prison's (the "BOP") inability to control violence at Defendant's institution has caused Defendant to suffer mental health problems (including PTSD) and has similarly resulted in a sentence that is far harsher than expected. *Id.* The Court will deny this motion.

First, "[w]hile [a] Court [may be] sympathetic to the poor conditions many prisoners have faced during the pandemic, generalized statements about the conditions of confinement do not constitute compelling reasons for compassionate release." *United States v. Farmer*, No. 19-CR-427 (LTS), 2022 WL 47517, at *4 (S.D.N.Y. Jan. 5, 2022). This includes statements about limited programming opportunities in federal prisons. *Id.* (denying compassionate release where a defendant "assert[ed] that the conditions of his confinement have been particularly harsh and restrictive, 'marked by months of lockdowns, isolation in quarantine, fear of infection, and a lack

of access to programing.'") (collecting cases); *see also United States v. Ogle*, No. 15-CR-40042-JPG-003, 2022 WL 2307377, at *3 (S.D. Ill. June 27, 2022) (denying compassionate release where the defendant complained about the prison "limiting phone calls, emails, visits, recreation, laundry, showers, programming, religious opportunities, medical care, inmate movement, etc. . . [which made] life harsh for prisoners;" "[t]he measures he describes, while not pleasant, appear to be reasonable responses to an extremely contagious disease in an extremely confined environment."). This also includes statements about understaffing and violence in the prison. Second, Defendant's uncorroborated statement that he has suffered from PTSD due to prison violence is not enough to make clear that he has an extraordinary reason for his early release. A diagnosis of PTSD is not something that Defendant is qualified to make on his own, without consultation with a medical professional.

Defendant has not proffered an extraordinary and compelling reason warranting his release. Therefore, the Court will deny his motion for compassionate release. If Defendant wishes to pursue claims of unconstitutional conditions of confinement, he may do so by filing a civil suit, but a motion for compassionate release is not the proper vehicle to do so. *See Ogle*, 2022 WL 2307377, at *4 ("Should Ogle feel the conditions are unacceptable and not justified by a legitimate penological interest, he may pursue a separate conditions of confinement lawsuit.").

Accordingly,

**IT IS ORDERED** that Defendant Daunte Nichols's motion for compassionate release, ECF No. 50, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of July, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge