# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAUNTE NICHOLS,<br><br>Defendant. | Case No. 14-CR-177-JPS<br><br>**ORDER** |

On March 26, 2015, this Court sentenced Defendant Daunte Nichols ("Defendant") to 220 months of imprisonment, to be followed by five years of supervised release. ECF Nos. 32, 33. Now before the Court is Defendant's pro se motion for compassionate release or sentence reduction under 18 U.S.C. § 3582(c)(1)(A). ECF No. 60. For the reasons stated herein, the Court will deny his motion without prejudice.

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must be "extraordinary and compelling reasons warrant[ing] such a reduction." *Id.* § 3582(c)(1)(A)(i).

Extraordinary and compelling reasons include serious medical conditions, age of the defendant, family circumstances, victims of abuse, unusually long sentences, or "any other circumstance or combination of circumstances" that are "similar in gravity" to the previously listed reasons.

U.S.S.G. § 1B1.13(b). Defendant alleges two bases for his motion. First, that he was not credited a concurrent sentence from the BOP, and second, that his mother is sick and needs assistance he is willing to provide. *See generally* ECF No. 60.

Defendant's first argument, that he is not being credited for his concurrent sentence despite this Court's judgment,[1] does not fit within any of the traditional bases for a sentence reduction under the United States Sentencing Guidelines ("the Guidelines") § 1B1.13(b). Nor does the Court believe that this circumstance is "similar in gravity" to the other bases. *See United States v. Susinka*, No. 03-cr-90-16, 2023 WL 2402914, at *3–4 (N.D. Ill. Mar. 8, 2023) (finding that a retroactive change that made defendant's sentence run consecutive, rather than concurrent, was not an extraordinary or compelling reason for compassionate release). Further, the Court was advised by the United States Probation Office for the Eastern District of Wisconsin ("Probation") that Defendant's federal sentence was correctly run concurrently with the balance of his state sentences, with a projected release date of August 7, 2031.[2] Accordingly, the Court will deny Defendant's motion on this basis.

[1]The Court imposed a total sentence of 220 months imprisonment, "all to run concurrent with the balance of the sentences the defendant is currently serving in Milwaukee County Circuit Court Cases Numbered 13CF1083, and 13CF1773." ECF No. 33 at 2.

[2]Probation further advised the Court that Defendant's federal sentence computation began the date he was sentenced by this Court, March 26, 2015. Defendant's state imprisonment ended on May 16, 2017. Defendant's full federal sentence was 220 months, or eighteen years and four months, which would result in a release date of May 1, 2033. However, his projected release date, which takes in account some time lost due to violations, is projected as August 7, 2031, which considers his previous state term.

Defendant's second argument for compassionate release is "to help his of age and sick mother who lives alone . . . [and] has multiple conditions that keep her from living that life and [Defendant] is prepared to provide the assistance she needs." ECF No. 60 at 1–2. The Guidelines state that "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" amounts to an extraordinary and compelling reason under § 3582(C)(1)(A). U.S.S.G. § 1B1.13(b)(3)(C). Thus, Defendant may be able to proceed with a compassionate release claim on this basis. However, Defendant has not explained in his motion how he has exhausted his administrative remedies on this point by presenting this basis for release to the warden of his facility. *See* 18 U.S.C. § 3582(c)(1)(A). Accordingly, the Court will deny his motion without prejudice.

Once Defendant exhausts his administrative remedies, he may renew his motion for compassionate release. Any renewed motion for compassionate release should explain the basis for such relief in detail and should describe how Defendant exhausted his administrative remedies.

Accordingly,

**IT IS ORDERED** that Defendant Daunte Nichols' motion for compassionate release, ECF No. 60, be and the same is hereby **DENIED without prejudice.**

Dated at Milwaukee, Wisconsin, this 20th day of November, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge